IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-575 C
(Judge Wheeler)

PHILLIP J. LAVEZZO
d/b/a/ DKO TECHNOLOGIES,
Plaintiff,
v.

UNITED STATES,
Defendant.

# JOINT APPENDIX

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

FRANKLIN E. WHITE JR.
Deputy Director

DAVID M. KNASEL
CLARK & COLLINS, P.C.
Market Station
108-E South Street, S.E.
Leesburg, VA 20175

Tele: (703) 443-1083
Fax: (703) 443-1081

Attorney for Plaintiff
July 20, 2006

DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

Attorneys for Defendant

INDEX TO APPENDIX


| | |
|---|---|
| Tab 1* | Joint Stipulations of Fact, dated June 9, 2006 |
| Tab 3 | Position Description for Gary W. Crawford, Contract Specialist, GS-1102-14 |
| Tab 7 | Certification of Appointment (Contracting Officer Warrant) for Gary W. Crawford, dated March 25, 2004 |
| Tab 23 | Modifications 003, 004, 005 and 005 [sic] to Contract Number 8095-02-035 ("Help Desk Contract") |
| Tab 28 | Contract 8095-03-001 ("Oracle Contract"), dated April 3, 2003 |
| Tab 30 | Modifications 002, 003, 004, and unnumbered modifications to Contract 8095-03-001 ("Oracle Contract") |
| Tab 44 | E-mail from Yvonne Thomas to Gary W. Crawford, dated June 30, 2004 |
| Tab 45 | Contract claims for the help desk and oracle contracts, dated December 9, 2004 |
| Tab 50 | Contracting Officer Final Decision, dated January 13, 2005 ("Crawford Decision") |
| Tab 52 | E-mail from Gary W. Crawford to Yvonne Thomas, dated January 13, 2005 |
| Tab 53 | E-mail from Yvonne Thomas to Gary W. Crawford, dated January 14, 2005 |
| Tab 56 | E-mail from Gary W. Crawford to Yvonne Thomas, dated January 14, 2005 |


* With the exception of Tab 1, "Tab ___" contains the document or documents referred to in that numbered paragraph of the joint stipulations of fact.

| | |
|---|---|
| Tab 57 | Letter from Yvonne Thomas to DKO Technologies, dated January 14, 2005 |
| Tab 58 | Letter from DKO Technologies to Yvonne Thomas, dated January 17, 2005 |
| Tab 60 | Letter from DKO Technologies to Gary W. Crawford, dated January 23, 2005 |
| Tab 62 | Letter from Yvonne Thomas to DKO Technologies, dated January 31, 200[5] |
| Tab 63 | E-mail from DKO Technologies to Yvonne Thomas, dated January 31, 2005 |
| Tab 65 | DKO Statement of Account (invoice) dated February 1, 2005 |
| Tab 67 | Contracting Officer Final Decisions, dated February 18, 2005 ("Pryor Decisions") |

# Tab 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PHILLIP J. LAVEZZO<br>d/b/a DKO TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-575C<br>(Judge Wheeler) |

JOINT STIPULATIONS OF FACT

Pursuant to this Court's pretrial order dated March 14, 2006, the parties respectfully inform the Court that they believe that there are no genuine issues of material fact requiring a trial, and submit the following joint stipulations of fact. The parties propose that briefing of cross-motions for summary judgment proceed in accordance with the schedule proposed in the Joint Preliminary Status Report, filed March 8, 2006. Additionally, the parties interpret the Court's pretrial order as permitting the filing of joint stipulations of fact as an alternative to the filing of witness and exhibit lists. If the parties' interpretation is incorrect, we respectfully request an enlargement of time within which to respond to such revised schedule as the Court should issue.

1. The Federal Labor Relations Authority ("FLRA") is an agency of the Government of the United States of America.

2. From August 14, 2000 to April 30, 2005, Gary Crawford was employed by the FLRA as a contracting officer.

3. On September 22, 2002, Mr. Crawford was promoted from GS-13 to GS-14. A true and correct copy of Mr. Crawford's position description with the FLRA following his

promotion will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

4. In connection with his position, Mr. Crawford had a Certification of Appointment (also known as a warrant) appointing him as a contracting officer for the United States of America, which was applicable to contracts with unlimited amounts.

5. At all relevant times prior to Mr. Crawford's retirement, Yvonne Thomas, Director of the FLRA's Administrative Services Division, was Mr. Crawford's immediate supervisor, and Ms. Thomas's immediate supervisor was David Smith, Acting Executive Director of the FLRA (who also served as Solicitor of the FLRA).

6. Neither Ms. Thomas or Mr. Smith were contracting officers. Ms. Thomas was not authorized to personally handle claims by contractors with the FLRA.

7. On March 25, 2004, Mr. Smith terminated Mr. Crawford's existing warrant and issued a new Certification of Appointment, appointing him as a contracting officer for the United States of America, which was applicable to contracts with amounts not exceeding $200,000 ("Crawford's New Warrant"). A true and correct copy of Mr. Crawford's New Warrant will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

8. Mr. Crawford's New Warrant remained in effect until terminated by Mr. Smith on April 26, 2005, in anticipation of Mr. Crawford's retirement.

9. Mr. Crawford retired from the FLRA on April 30, 2005.

10. In late 2002 or early 2003, Phillip J. Lavezzo began business as a sole proprietorship under the name DKO Technologies ("DKO"), in response to a business opportunity to contract with the FLRA.

11. Mr. Lavezzo had learned of the business opportunity indirectly through Donald K. Ourecky who learned of the opportunity from Mr. Crawford. Mr. Crawford knew

Mr. Ourecky because Mr. Ourecky had previously acted as the moderator for a FLRA administrative forum, at which time Mr. Crawford informed Mr. Ourecky about the anticipated opportunity to contract with the FLRA.

12. Mr. Lavezzo was and is the sole owner of DKO. Mr. Lavezzo has at all times been the sole proprietor of DKO.

13. On January 23, 2003, Mr. Lavezzo registered DKO with and obtained a business license for DKO from the City of Alexandria, Virginia, as a sole proprietorship owned by Mr. Lavezzo. DKO has at all times been licensed by the City of Alexandria, Virginia, as a sole proprietorship.

14. Mr. Lavezzo appointed Mr. Ourecky and Mr. Ourecky agreed to serve as the Vice President of DKO. Mr. Ourecky is the Vice President of DKO.

15. Mr. Ourecky was authorized by Mr. Lavezzo to, inter alia, execute documents, sign checks, communicate with the FLRA, and interview potential subcontractors on behalf of DKO.

16. From time to time on various dates, Mr. Lavezzo either sent, or directed Mr. Ourecky to send, e-mails and or letters to Mr. Crawford or others at the FLRA. Most written communications with the FLRA nominally from Mr. Ourecky were written or were in large part the work product of Mr. Lavezzo.

17. Other than Mr. Lavezzo, the sole proprietor, and Mr. Ourecky, who was not paid a salary (although he may have received one or more bonuses), there were no employees of DKO.

18. In late 2002, the FLRA solicited bids for a contract to provide staffing for a FLRA computer help desk.

19. DKO submitted a bid in response to the solicitation.

20. Mr. Crawford, as FLRA contracting officer, awarded the help desk contract to DKO.

21. On December 29, 2002, defendant entered into Contract Number 8095-02-035, also identified upon multiple documents as Contract Number 8095-03-035, with DKO Technologies (the "Help Desk Contract"). The parties have been unable to locate an executed copy of the Help Desk Contract.

22. The Help Desk Contract was signed upon behalf of the United States by Mr. Crawford, as contracting officer.

23. The Help Desk Contract and all subsequent modifications were signed upon behalf of DKO by Donald Ourecky. True and correct copies of the signed modifications to the Help Desk Contract will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

24. The Help Desk Contract provided for an initial term from January 1, 2003, to September 30, 2003, with options for up to three (3) additional one-year periods at escalating hourly rates.

25. On or about February 24, 2003, the FLRA solicited bids for a contract to provide Oracle database programming services to the FLRA.

26. DKO was one of 28 companies to submit bids.

27. Mr. Crawford, as FLRA contracting officer, awarded the Oracle contract to DKO.

28. On April 3, 2003, defendant entered into Contract Number 8095-03-001 with DKO (the "Oracle Contract"). A true and correct copy of the Oracle Contract will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

29. The Oracle Contract was signed upon behalf of the United States by Mr. Crawford, as contracting officer.

30. The Oracle Contract and all subsequent modifications were signed upon behalf of DKO by Donald Ourecky. True and correct copies of the signed modifications to the Oracle Contract will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

31. The Oracle Contract provided for an initial term from April 1, 2003, to October 30, 2003, with options for up to four (4) additional one-year periods at escalating hourly rates.

32. Prior to the award and thereafter during the performance of the contracts, the FLRA never requested from DKO, and DKO never provided to the FLRA, any information specifically establishing that Mr. Ourecky was the agent of Mr. Lavezzo.

33. Prior to the award and thereafter during the performance of the contracts, the FLRA never requested from DKO, and DKO never provided to the FLRA, any information establishing that Mr. Lavezzo was the owner of DKO.

34. In response to a request from the FLRA for a taxpayer identification number for DKO Technologies, Mr. Lazezzo provided his own social security number.

35. At the time of award, and during the performance of the contracts, Mr. Crawford was unaware that Mr. Lavezzo was the sole proprietor of DKO.

36. At the time of award, and during the performance of the contracts, Mr. Crawford believed that Mr. Ourecky was the owner of DKO, or was a partner in the ownership of DKO.

37. At the time of award, and during the performance of the contracts, Mr. Crawford believed that Mr. Ourecky was authorized to execute the contracts and modifications upon behalf of DKO.

38. DKO retained qualified subcontractors to perform the Help Desk Contract (Gurdev Bajwa) and the Oracle Contract (Linda Lou).

39. DKO successfully performed the Help Desk and Oracle Contracts.

40. Although the FLRA never formally executed any option period, the Help Desk and Oracle Contracts were modified by the FLRA on multiple occasions to extend the performance period with additional hours to be provided at the same hourly rates as the initial terms of each contract.

41. The Help Desk Contract was terminated by the FLRA on January 31, 2004.

42. On or about April 30, 2004, the FLRA notified DKO that the Oracle Contract would not be extended any further and directed DKO (including its subcontractors) to cease all work on the Oracle Contract.

43. The Oracle Contract was terminated by the FLRA on April 30, 2004.

44. Mr. Crawford was informed by Ms. Thomas via e-mail, on or about June 30, 2004, that he should not take any action with regard to any Contract Disputes Act claims that potentially could be filed by DKO, or any other contractor, until he received guidance from Ms. Thomas and Mr. Smith. A true and correct copy of Ms. Thomas' June 30, 2004 e-mail to Mr. Crawford will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

45. On or about December 9, 2004, DKO submitted claims concerning the Help Desk and Oracle Contracts to Mr. Crawford as the contracting officer (the "claims"). True and correct copies of the Claims will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

46. The Claims were received in the FLRA mailroom on December 13, 2004.

47. On January 11, 2005, Ms. Thomas informed Mr. Crawford that he should take no action with regard to the DKO claims until he received guidance from Ms. Thomas and Mr. Smith.

48. On or before January 13, 2005, Ms. Thomas and Mr. Smith decided to transfer the DKO Claims to a contracting officer at the Department of the Treasury, Bureau of Public Debt ("BPD"), for a final decision. Mr. Crawford was not informed of this decision at that time.

49. On January 13, 2005, Ms. Thomas requested that the BPD modify the contracting agreement between the BPD and the FLRA to include a review and decision on the claims, and sent a package of documents from the FLRA contract file(s) to BPD.

50. Mr. Crawford prepared and, on January 13, 2005, signed a document purporting to be a contracting officer's final decision addressing the claims (the "Crawford Decision"). A true and correct copy of the Crawford Decision will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

51. Mr. Crawford's signature upon the Crawford Decision was notarized on January 13, 2005, by Mary Prothro, a U.S. Government employee and notary public.

52. On January 13, 2005, after having the Crawford Decision notarized, Mr. Crawford sent an e-mail to Ms. Thomas, a true and correct copy of which will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

53. Mr. Crawford was again informed by Ms. Thomas via e-mail, on January 14, 2005, that he should not take any action with regard to the claims until he received guidance from Ms. Thomas and Mr. Smith. A true and correct copy of Ms. Thomas' January 14, 2005 e-mail to Mr. Crawford will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

54. On January 14, 2005, Mr. Crawford mailed the Crawford Decision to DKO.

55. Shortly thereafter, DKO learned that Mr. Crawford had purportedly mailed a final decision on the Claims to DKO.

56. On January 14, 2005, Mr. Crawford sent an e-mail to Ms. Thomas, a true and correct copy of which will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

57. On January 14, 2005, Ms. Thomas sent a letter to DKO advising of the purported reassignment of the Claims to BPD. A true and correct copy of the letter will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

58. DKO received Ms. Thomas' January 14, 2005 letter on January 17, 2005, and on that same date sent a letter (by regular mail as well as e-mail) to Ms. Thomas objecting to the reassignment. A true and correct copy of DKO's letter will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

59. On or about January 18, 2005, the Claims were purportedly assigned to Linda Pryor, a contracting officer with BPD.

60. By letter and e-mail dated January 23, 2005, DKO again objected to the reassignment of the Claims to the BPD. A true and correct copy of that letter will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

61. By letter and e-mail dated January 28, 2005, DKO wrote to Mr. Crawford, with copy to Francine Eichler, FLRA Inspector General, inquiring why the FLRA had not offered to resolve the dispute by Alternative Dispute Resolution.

62. On January 31, 2005, Ms. Thomas sent a letter (misdated as 2004), by regular mail and e-mail, to DKO advising again of the purported reassignment of the Claims to BPD. A true and correct copy of that letter will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

63. By e-mail dated January 31, 2005, DKO wrote to Ms. Thomas, again with a copy to the FLRA Inspector General, Ms. Eichler, to protest the reassignment of its claim to the BPD.

A true and correct copy of that letter will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

64. DKO received the Crawford Decision on January 31, 2005.

65. Mr. Lavezzo testified that, on February 1, 2005, DKO submitted an invoice to the FLRA for amounts due pursuant to the Crawford Decision, that the invoice was delivered by courier to the FLRA, that the courier returned to DKO a time-stamped copy of the invoice. A true and correct copy of DKO's invoice, bearing the FLRA mailroom date-stamp of February 1, 2005, will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

66. DKO's invoice was never entered into the FLRA Budget and Finance Division invoice log.

67. On February 18, 2005, Ms. Pryor signed documents purporting to be written decisions addressing the claims (the "Pryor Decisions"). True and correct copies of the Pryor Decisions will be filed with the Court in a joint appendix to accompany the cross motions for summary judgment.

68. DKO never communicated with or provided any information to BPD concerning the claims.

69. The United States has not paid DKO for any of the amounts purportedly due under the Crawford Decision.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ David M. Knasel
DAVID M. KNASEL
CLARK & COLLINS, P.C.
Market Station
108-E South Street, S.E.
Leesburg, VA 20175

Attorney for Plaintiff

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 307-0139
Facsimile (202) 514-8624

Attorneys for Defendant

June 9, 2006

CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2006, a copy of the forgoing "JOINT STIPULATIONS OF FACT" were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris

# Tab 3

# CONTRACT SPECIALIST, GS-1102-14

## Duties:

Serves as contracting officer with unlimited signatory authority for FLRA procurement activities and programs which include: (1) significant agency-wide funding impact; (2) tasks which substantially impact mission oriented goals and objectives; and (3) levels of effort which are monitored by the FLRA procurement executive due to criticality and visibility. The specialist exercises complete authority over all phases of the contracting process, including initial planning, requirements definition, development of work statements, negotiation, execution, administration, and close-out.

-- Plans, develops, and establishes the contractual strategy for the overall acquisition program. Develops a prenegotiation position, determines the types of contracts and negotiation authority to be used, and prepares justification.

-- Functions as team leader during contract negotiations. Coordinates with FLRA program managers, legal counsel, budget, and subordinate activities. Personally negotiates contracts. Assigns portions of the contract activities to the purchasing agent.

-- Directs the full range of contract administration actions required for the acquisition program, including the issuance of contract modifications, negotiation of changes, exercise of options, investigation and resolution of contractor delays, contractor performance appraisal, disposition of claims, and similar matters.

-- Serves as principal contracting advisor to FLRA program management offices and the FLRA procurement executive. Represents FLRA as the acquisition program's contractual authority at conferences and meetings.

## Knowledge Required by the Position:

Mastery of procurement regulations and contracting principles including the latest procedures and techniques, e.g., electronic commerce, innovative pricing arrangements, market analysis, cost analysis, business case analysis, out-sourcing standards, and life cycle costing sufficient to plan, develop, implement, and administer all contractual aspects of the agency-wide acquisition program; to develop innovative contractual language, terms and conditions; and to serve as program contractual authority and advisor on the acceptability and applicability of all contractual policy and procedures. Skill in managerial and coordinative activities sufficient to contract a variety of contractual actions occurring concurrently, in an overlapping fashion, or sequentially and to control several simultaneous interrelated contracts with different contractors. Mastery of negotiation techniques to serve as the lead negotiator in developing prenegotiation strategy, in conducting negotiations, and in directing or performing postaward negotiations involving contract changes or modifications. Knowledge of related disciplines and functions involved in the acquisition process, such as budget projecting, leasing, integrated logistics support, financial management, and their interrelationships with contracting

EXHIBIT PENGAD 800-631-6989 Thomas 1 5/24/06 SL

P-0029

## Supervisory Controls:

The Director of the Administrative Services Division delegates responsibility for contractual matters pertaining to the FLRA acquisition program. The supervisor is available for consultation on program objectives, budgetary constraints, and procurement policy interpretations; however, the employee is delegated unlimited authority to independently plan and carry out all contractual activities, including interpreting, extending, originating, or devising new contractual provisions, incentives, clauses, terms, and conditions. Contractual decisions and recommendations of the employee are normally accepted as authoritative, although higher level FLRA review may be necessary. Because of the employee's recognized technical expertise in contracting, the employee is able to obtain oral advance approval from the FLRA procurement executive to proceed with contractual action in cases determined critical by the employee.

## Guidelines:

Guidelines include procurement laws, Federal regulations, and FLRA Instructions. These guides are generally applicable to the work, but state-of-the-art technology generates unusual and unique contractual problems. Therefore, the employee exercises initiative, resourcefulness, and experienced judgment in interpreting and applying such guides, as well as in developing and implementing solutions to problems that are unique and outside the scope of current written guidelines. For example, problems surface in previously undefined areas involving award-fee contracting, development of leasing agreements, option clauses, use of incentive award contracting, for which the specialist must develop innovative solutions for obtaining effective results.

## Complexity:

The work involves planning, directing, and coordinating contractual actions involved in a technologically complicated systems acquisition, especially information technology, communication, and automated legal research and litigation. Complexities in acquisition programs include:

-- Requirements involving a numerous geographic locations;
-- Long-term option year contractual efforts (e.g., up to five years);
-- No previous cost history data;
-- Involvement of several different contractors and numerous subcontractors;
-- Coordinating the efforts of various subject-matter specialists engaged in the acquisition program (e.g., engineers, production specialists, legal advisors, auditors, logistics management specialists, and financial managers);
-- Requirement for concurrent, overlapping, or sequential contractual actions in order to maintain the acquisition schedules;
-- Interrelated contracts with several different contractors where in a change in one contract precipitates changes in the others.

Decisions at each phase of the acquisition process require the analysis of alternatives, consideration of technological advances, evaluation of program and technical needs, evaluation of time constraints, and determination of cost. The employee is responsible for devising innovative pricing arrangements and for managing all contractual processes.

**Scope and Effect:**

The primary purpose of the position is to plan, negotiate, and manage, as contracting officer, the procurement of cost-effective best-value goods and services to support the mission of FLRA.. The scope of the work comprises existing, newly-procured, and future acquisitions, such as a court reporting services, official training, travel, security, records management, information technology, capital equipment, and leasehold alterations. Work performed, decisions made, and solutions devised affect the timely performance of FLRA's government-wide labor-management mission. Some decisions, such as contract award or termination, have a substantial impact on a company's financial and staff resources.

**Personal Contacts:**

Contacts are with all levels within the FLRA, and with other agencies, boards of contract appeals, congressional staff members, and corporate level officials. The employee represents the FLRA on interagency task forces and committees dealing with acquisition programs. Such conferences are typically arranged in advance and are attended by top level representatives of external organizations.

**Purpose of Contacts:**

Contacts are to serve as lead negotiator, responsible for planning and negotiating contracts and contractual changes for long-term option year contracts. This involves meeting with FLRA program managers and technical specialists to plan the procurement strategy, conducting preaward and postaward meetings with offerors and contractors to explain requirements and provisions, leading negotiations, and resolving postaward problems including the resolution of controversial problems on own authority throughout the preaward and postaward phase. The employee represents FLRA on interagency task forces or conferences dealing with procurement and contracting.

**Physical Demands:**

The employee's work is sedentary in nature, although duties on a regular and recurring basis require longer than an eight hour day and include stressful situations. The work requires above-average resistance to fatigue.

**Work Environment:**

Although the majority of work is performed in an office setting, the employee may visit contractors to review equipment and facilities, and to evaluate progress and performance. Employee travels to regional offices as required.

# Tab 7

UNITED STATES OF AMERICA
FEDERAL LABOR RELATIONS AUTHORITY
WASHINGTON, D.C. 20424-0001

March 25, 2004

OFFICE OF THE EXECUTIVE DIRECTOR

**MEMORANDUM**

TO: Gary Crawford, Contract Specialist
Administrative Services Division

FROM: David M. Smith
Acting Executive Director

SUBJECT: Termination and reissuance of contracting officer warrant

This is to notify you that your current contracting officer appointment, with an unlimited warrant, is hereby terminated. You are reappointed as a contracting officer with a warrant applicable to contracts not exceeding $200,000. Your new warrant is attached.

Attachment

Copy Furnished:

Yvonne Thomas
Director, Administrative Services Division

EXHIBIT
Thomas 4
5/24/05

# CERTIFICATION OF APPOINTMENT

Under authority vested in the undersigned and in conformance with
Subpart 1.6 of the Federal Acquisition Regulation

**GARY CRAWFORD**

is appointed

## Contracting Officer

for the

## United States of America

Subject to the limitations contained in the Federal Acquisition Regulation and to the following:

**THIS WARRANT APPLIES TO ALL CONTRACTS NOT EXCEEDING $200,000.**

Unless sooner terminated, this appointment is effective as long as the appointee is assigned to:

ADMINISTRATIVE SERVICES DIVISION
*(Organization)*

FEDERAL LABOR RELATIONS AUTHORITY
*(Agency/Department)*

David M Smith

DAVID M. SMITH, ACTING EXECUTIVE DIRECTOR
*(Signature and Title)*

MARCH 25, 2004
*(Date)*

10
*(No.)*

NSN 7540-01-152-5812

STANDARD FORM 1402 (10-83)
Prescribed by GSA - FAR (48 CFR) 53.201-1

# Tab 23

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE

PAGE 1 OF PAGES 1

2. AMENDMENT/MODIFICAITON NO. 003

3. EFFECTIVE DATE 10/01/03

4. REQUISITION/PURCHASE REQ. NO. 8095-04-016

5. PROJECT NO. (If applicble)

6. ISSUED BY CODE

Federal Labor Relations Authority
1400 K Street NW
Washington, DC 20005

7. ADMINISTERED BY (If other than Item 6) CODE

8. NAME AND ADDRESS OF CONTRACTOR (No., street, county, State and ZIP Code)

DKO Technologies
601 Madison Street
Suite 200
Alexandria VA 22314

CODE

FACILITY CODE

(X)

9A. AMENDMENT OF SOLICIATION NO.

9B. DATED (SEE ITEM 11)

10A. MODIFICATION OF CONTRACT/ORDER NO. 8095-03-035

10B. DATED (SEE ITEM 11) 12/29/02

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a)By completing items 8 and 15, and returning ________ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment your desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPIRATION DATA (If required)

54401009000255A

## 13. THIS ITEM ONLY APPLIES TO MODIFICATION OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| CHECK ONE | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D. OTHER (Specify type of modification and authority) FAR 52.243-01 |

E. IMPORTANT: Contractor ☒ is not, ☐ is required to sign this document and return ______ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

Term of the contract is extended until 11/30/2003

330 hours x $56.50 = $18,645.00

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
Gary W. Crawford

15B. CONTRACTOR/OFFEROR

(Signature of person authorized to sign)

15C. DATE SIGNED

16B. UNITED STATES OF AMERICA

(Signature of Contracting Officer)

16C. DATE SIGNED 9/30/03

NSN 7540-01-152-8070
Previous edition unusable

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA FAR (48 CFR) 53.243

GOV-01674

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE
PAGE 1 OF PAGES 1

2. AMENDMENT/MODIFICAITON NO. 004
3. EFFECTIVE DATE 11/28/03
4. REQUISITION/PURCHASE REQ. NO. 8095-03-035
5. PROJECT NO. (If applicble) Help Desk

6. ISSUED BY CODE
Federal Labor Relations Authority
1400 K Street NW - Suite 217
Washington, DC 20005

7. ADMINISTERED BY (If other than Item 6) CODE
FLRA-IRMD
1400 K Street, NW
Washington, DC 20005

8. NAME AND ADDRESS OF CONTRACTOR (No., street, county, State and ZIP Code)
DKO Technologies, Attention: Dr. Donald Ourecky
601 Madison Street, Suite 200, Alexandria, VA 22314

CODE FACILITY CODE

(X) 9A. AMENDMENT OF SOLICIATION NO.

9B. DATED (SEE ITEM 11)

10A. MODIFICATION OF CONTRACT/ORDER NO. 8095-03-035

10B. DATED (SEE ITEM 11) 12/29/02

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a)By completing items 8 and 15, and returning ______ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment your desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPIRATION DATA (If required)
54401009000255A

## 13. THIS ITEM ONLY APPLIES TO MODIFICATION OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| CHECK ONE | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| X | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D. OTHER (Specify type of modification and authority) |

E. IMPORTANT: Contractor ☒ is not, ☐ is required to sign this document and return ______ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

Eunice Kuykendall, CIO, and Acting Director of IRMD, (ekuykendall@flra.gov) is hereby designated Contractor Officer's Technical Representative for this contract. Telephone 202-218-7980.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
Gary W. Crawford

15B. CONTRACTOR/OFFEROR
(Signature of person authorized to sign)

15C. DATE SIGNED

16B. UNITED STATES OF AMERICA
(Signature of Contracting Officer)

16C. DATE SIGNED 11/28/03

NSN 7540-01-152-8070
Previous edition unusable

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA FAR (48 CFR) 53.243

# CERTIFICATE OF APPOINTMENT

Eunice Kuykendall
Contracting Officer's Technical Representative

In accordance with the authority set forth in Federal Acquisition Regulation Part 2.101, you are hereby designated the contracting officer's technical representative for FLRA Contract 8095-03-035, DKO Technologies, 601 Madison Street, Alexandria, VA 22314, as modified. The principal responsibilities as the contracting officer's technical representative include:

- ❑ Inspecting, accepting, and rejecting work performed by the contractor; certifying invoices submitted by contractor and verifying the accuracy of hours worked. It is important to inform the contracting officer in writing whenever work performed fails to comply with performance standards of the contract. Do not advise the contractor how to resolve performance deficiencies or supervise ongoing tasks.

- ❑ Representing the agency in technical phases of the work by explaining or clarifying performance standards, expected progress, and final objectives.

- ❑ Interpreting administrative or technical directives having a bearing on the contractor's performance, and monitoring the contractor's Quality Control Plan.

As contracting officer's technical representative you are not authorized to execute any contract award, modification, or notice of intent; interpret contract terms; obligate the payment of money by the agency; terminate, for any cause, the contractor's right to proceed; or direct the contractor to proceed while seeking additional funding for expired obligations.

Gary W. Crawford
Contracting Officer

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE

PAGE 1 OF PAGES 1

| 2. AMENDMENT/MODIFICAITON NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicble) |
|---|---|---|---|
| 005 | 12/01/03 | 8095-03-035 | Help Desk |

6. ISSUED BY CODE

FLRA Contracting Officer
1400 K Street NW Suite 217
Washington, DC 20005

7. ADMINISTERED BY (If other than Item 6) CODE

IRMD
1400 K Street NW
Wasington DC 20005

8. NAME AND ADDRESS OF CONTRACTOR (No., street, county, State and ZIP Code)

DKO Tech 601 Madison St, Suite 200 Alex VA 22314

CODE

FACILITY CODE

(X) 9A. AMENDMENT OF SOLICIATION NO.

9B. DATED (SEE ITEM 11)

10A. MODIFICATION OF CONTRACT/ORDER NO.
8095-03-035

10B. DATED (SEE ITEM 11)
12/29/02

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a)By completing items 8 and 15, and returning ________ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment your desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPIRATION DATA (If required)
54-4-0100-9000-255A

## 13. THIS ITEM ONLY APPLIES TO MODIFICATION OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| CHECK ONE | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.<br>FAR 52-243-01 |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D. OTHER (Specify type of modification and authority) |

E. IMPORTANT: Contractor ☒ is not, ☐ is required to sign this document and return ________ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

The period of performance for work under this contract is extended to 12/31/2003.

Total consideration under this extension shall not exceed $9,944.00

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)<br>Gary W. Crawford | |
|---|---|---|---|
| 15B. CONTRACTOR/OFFEROR<br>(Signature of person authorized to sign) | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA<br>(Signature of Contracting Officer) | 16C. DATE SIGNED<br>12/01/03 |

NSN 7540-01-152-8070
Previous edition unusable

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA FAR (48 CFR) 53.243

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE | PAGE 1 OF 1 PAGES

2. AMENDMENT/MODIFICAITON NO.: 005
3. EFFECTIVE DATE: 01/02/2004
4. REQUISITION/PURCHASE REQ. NO.:
5. PROJECT NO. (If applicble):

6. ISSUED BY | CODE

FLRA - Contracting Officer
1400 K Street NW
Washington, DC 20005

7. ADMINISTERED BY (If other than Item 6) | CODE

8. NAME AND ADDRESS OF CONTRACTOR (No., street, county, State and ZIP Code)

DKO Technologies
601 Madsion Street
Suite 200
Alexandria VA 22314

CODE | FACILITY CODE

(X) | 9A. AMENDMENT OF SOLICIATION NO.:
9B. DATED (SEE ITEM 11):
10A. MODIFICATION OF CONTRACT/ORDER NO.: 8095-02-035
10B. DATED (SEE ITEM 11): 12/29/02

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:
(a)By completing items 8 and 15, and returning ______ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment your desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPIRATION DATA (If required)

54-4-0100-9000-255A

## 13. THIS ITEM ONLY APPLIES TO MODIFICATION OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| CHECK ONE | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| x | D. OTHER (Specify type of modification and authority) Mutual agreement of the parties. |

E. IMPORTANT: Contractor ☒ is not, ☐ is required to sign this document and return ______ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

Payment terms modified: 1.25% 20 days.
Net 30 days.

EFT #056001118 SSN 228 13 6082
#07153465

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print): Gary W. Crawford

15B. CONTRACTOR/OFFEROR
(Signature of person authorized to sign)

15C. DATE SIGNED

16B. UNITED STATES OF AMERICA
(Signature of Contracting Officer)

16C. DATE SIGNED: 02/01/04

NSN 7540-01-152-8070
Previous edition unusable

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA FAR (48 CFR) 53.243