# Tab 52

purpose of the CDA.

**Smith, David**

---

| | |
|---|---|
| **From:** | Thomas, Yvonne |
| **Sent:** | Friday, January 14, 2005 8:30 AM |
| **To:** | Crawford, Gary |
| **Cc:** | Smith, David |
| **Subject:** | RE: Notice of Action - Requirement for C.O. Final Decision |

My guidance to you on January 11, 2005 remains in effect. You are not to take any action on either claim until you receive further instructions from David Smith or I.

-----Original Message-----

| | |
|---|---|
| **From:** | Crawford, Gary |
| **Sent:** | Thursday, January 13, 2005 5:07 PM |
| **To:** | Thomas, Yvonne |
| **Cc:** | Eichler, Francine |
| **Subject:** | Notice of Action - Requirement for C.O. Final Decision |

A timely independent decision of the contracting officer is essential to the disputes process, and DKO Technologies is stioll waiting for some action from FLRA. Numerous court and board decisions hold that even a claimant's access to boards of contract appeals is not an acceptable reason to weaken the initial obligation of cognizant contracting officer ("the initial decider"). Although appellate hearings are *de novo*, a proper and conscientious first decision remains important -- it may affirm the contractor's claim and thus obviate the need for an appeal; in any event, the fact of an adverse decision in the first instance puts the burden on appeal upon the contractor; and the appellate board may in some areas rely on the contracting officer's expertise or judgment. Recognizing the expertise of the original contracting officer, the courts have often declared that a contractor is entitled to a finding by the contractually agreed officer, and that a decision by someone else is a nullity. See for example: John A. Johnson Contracting Corp. v. United States, 132 F.Supp. 698, 705--706, 132 Ct.Cl. 645, 659--661 (1955); Climatic Rainwear Co. v. United States 115 Ct.Cl. 520, 559 (1950); United States Cas. Co. v. United States, 67 F.Supp. 950, 954, 107 Ct.Cl. 46, 68 (1946); McShain v. United States, 65 F.Supp. 589, 591, 106 Ct.Cl. 280, 350--351 (1946); Livingston v. United States, 101 Ct.Cl. 625, 638--639 (1944); James McHugh Sons, Inc. v. United States, 99 Ct.Cl. 414, 431 (1943); Mirsch v. United States, 94 Ct.Cl. 602, 634 (1941); H. W. Zweig Co. v. United States, 92 Ct.Cl. 472, 482 (1941); Phoenix Bridge Co. v. United States, 85 Ct.Cl. 603, 629 (1937); Karno-Smith Co. v. United States, 84 Ct.Cl. 110, 124 (1936); Sun Shipbuilding & Dry Dock Co. v. United States, 76 Ct.Cl. 154, 191, 192, 193 (1932); Standard Dredging Co. v. United States, 71 Ct.Cl. 218, 246--248 (1930); Burton Coal Co. v. United States, 60 Ct.Cl. 294, 312, 313--314 (1925), aff'd, 273 U.S. 337, 47 S.Ct. 337, 71 L.Ed. 670 (1927); Williams Engr. & Constructing Co. v. United States, supra, 55 Ct.Cl. 349, 381--383 (1920); King v. United States, 37 Ct.Cl. 218, 246--248 (1930); Burton & Koester Lumber Corp. v. United States, 188 F.2d 986, 988 (C.A.D.C.1951); United States v. North American Commercial Co., 74 F. 145, 149 (C.C.S.D.N.Y.1896); Halvorson v. United States, 126 F.Supp. 898, 901--902 (E.D.Wash.1954).



EXHIBIT

A proper final decision must be timely provided. DKO Technologies has a legal right to such process forthwith. Any further delay is so unjustified that FLRA would be held to have breached its implied covenant to render a timely and appropriate decision. Cf. C. J. Langenfelder & Son. Inc. v. United States, 341 F.2d 600, 605, 169 Ct.Cl. 465, 473--474 (1965); H. B. Zachry Co. v. United States, 344 F.2d 352, 356--357, 170 Ct.Cl. 115, 122 (1965); Garod Radio Corp. v. United States, 307 F.2d 945, 946--947, 158 Ct.Cl. 596--600 (1962); Oliver-Finnie Co. v. United States, 279 F.2d 498, 503, 150 Ct.Cl. 189, 196--197 (1960). In accordance with your directions to keep you apprised of all contracting activities, I plan to put my mind to this claim, and timely render a personal final decision, as required by statute and regulation, and consistent with my responsibility to obtain advice and assistance, as appropriate.

**Smith, David**

**From:** Thomas, Yvonne
**Sent:** Friday, January 14, 2005 7:50 AM
**To:** Smith, David
**Subject:** FW: Draft Notification of Claim Reassignment

-----Original Message-----
**From:** Shewchuk, David M.
**Sent:** Thursday, January 13, 2005 1:28 PM
**To:** Thomas, Yvonne
**Subject:** RE: Draft Notification of Claim Reassignment

DKO letter.doc

-----Original Message-----
**From:** Thomas, Yvonne
**Sent:** Thursday, January 13, 2005 1:31 PM
**To:** Shewchuk, David M.
**Subject:** Draft Notification of Claim Reassignment

<< File: DKO CO Notification.doc >>

# Tab 53

purpose of the CDA.

## Smith, David

**From:** Thomas, Yvonne
**Sent:** Friday, January 14, 2005 8:30 AM
**To:** Crawford, Gary
**Cc:** Smith, David
**Subject:** RE: Notice of Action - Requirement for C.O. Final Decision

My guidance to you on January 11, 2005 remains in effect. You are not to take any action on either claim until you receive further instructions from David Smith or I.

-----Original Message-----
**From:** Crawford, Gary
**Sent:** Thursday, January 13, 2005 5:07 PM
**To:** Thomas, Yvonne
**Cc:** Eichler, Francine
**Subject:** Notice of Action - Requirement for C.O. Final Decision

A timely independent decision of the contracting officer is essential to the disputes process, and DKO Technologies is stioll waiting for some action from FLRA. Numerous court and board decisions hold that even a claimant's access to boards of contract appeals is not an acceptable reason to weaken the initial obligation of cognizant contracting officer ("the initial decider"). Although appellate hearings are *de novo*, a proper and conscientious first decision remains important -- it may affirm the contractor's claim and thus obviate the need for an appeal; in any event, the fact of an adverse decision in the first instance puts the burden on appeal upon the contractor; and the appellate board may in some areas rely on the contracting officer's expertise or judgment. Recognizing the expertise of the original contracting officer, the courts have often declared that a contractor is entitled to a finding by the contractually agreed officer, and that a decision by someone else is a nullity. See for example: John A. Johnson Contracting Corp. v. United States, 132 F.Supp. 698, 705--706, 132 Ct.Cl. 645, 659--661 (1955); Climatic Rainwear Co. v. United States 115 Ct.Cl. 520, 559 (1950); United States Cas. Co. v. United States, 67 F.Supp. 950, 954, 107 Ct.Cl. 46, 68 (1946); McShain v. United States, 65 F.Supp. 589, 591, 106 Ct.Cl. 280, 350--351 (1946); Livingston v. United States, 101 Ct.Cl. 625, 638--639 (1944); James McHugh Sons, Inc. v. United States, 99 Ct.Cl. 414, 431 (1943); Mirsch v. United States, 94 Ct.Cl. 602, 634 (1941); H. W. Zweig Co. v. United States, 92 Ct.Cl. 472, 482 (1941); Phoenix Bridge Co. v. United States, 85 Ct.Cl. 603, 629 (1937); Karno-Smith Co. v. United States, 84 Ct.Cl. 110, 124 (1936); Sun Shipbuilding & Dry Dock Co. v. United States, 76 Ct.Cl. 154, 191, 192, 193 (1932); Standard Dredging Co. v. United States, 71 Ct.Cl. 218, 246--248 (1930); Burton Coal Co. v. United States, 60 Ct.Cl. 294, 312, 313--314 (1925), aff'd, 273 U.S. 337, 47 S.Ct. 337, 71 L.Ed. 670 (1927); Williams Engr. & Constructing Co. v. United States, supra, 55 Ct.Cl. 349, 381--383 (1920); King v. United States, 37 Ct.Cl. 218, 246--248 (1930); Burton & Koester Lumber Corp. v. United States, 188 F.2d 986, 988 (C.A.D.C.1951); United States v. North American Commercial Co., 74 F. 145, 149 (C.C.S.D.N.Y.1896); Halvorson v. United States, 126 F.Supp. 898, 901--902 (E.D.Wash.1954).



EXHIBIT
PENGAD 800-631-6989
Thomas 16
5/24/06

A proper final decision must be timely provided. DKO Technologies has a legal right to such process forthwith. Any further delay is so unjustified that FLRA would be held to have breached its implied covenant to render a timely and appropriate decision. Cf. C. J. Langenfelder & Son. Inc. v. United States, 341 F.2d 600, 605, 169 Ct.Cl. 465, 473--474 (1965); H. B. Zachry Co. v. United States, 344 F.2d 352, 356--357, 170 Ct.Cl. 115, 122 (1965); Garod Radio Corp. v. United States, 307 F.2d 945, 946--947, 158 Ct.Cl. 596--600 (1962); Oliver-Finnie Co. v. United States, 279 F.2d 498, 503, 150 Ct.Cl. 189, 196--197 (1960). In accordance with your directions to keep you apprised of all contracting activities, I plan to put my mind to this claim, and timely render a personal final decision, as required by statute and regulation, and consistent with my responsibility to obtain advice and assistance, as appropriate.

**Smith, David**

---

**From:** Thomas, Yvonne
**Sent:** Friday, January 14, 2005 7:50 AM
**To:** Smith, David
**Subject:** FW: Draft Notification of Claim Reassignment

-----Original Message-----
**From:** Shewchuk, David M.
**Sent:** Thursday, January 13, 2005 1:28 PM
**To:** Thomas, Yvonne
**Subject:** RE: Draft Notification of Claim Reassignment

DKO letter.doc

-----Original Message-----
**From:** Thomas, Yvonne
**Sent:** Thursday, January 13, 2005 1:31 PM
**To:** Shewchuk, David M.
**Subject:** Draft Notification of Claim Reassignment

<< File: DKO CO Notification.doc >>

# Tab 56

Close

From: Crawford, Gary

To: Thomas, Yvonne

Cc: Eichler, Francine

Subject: DKO Claim

Sent: 1/14/05 3:50 PM

Importance: Normal

I am obligated to carry out my duties pursuant to FAR Sections 33.210 and 33.211 (48 C.F.R. §§ 33.210 and 33.211), the Federal Acquisition Streamlining Act (FASA), the Contract Disputes Act (CDA), and other laws, rules and regulations, with respect to the claim recently submitted by DKO Technologies. It is unambiguously "the Government's policy to resolve all contractual issues in controversy by mutual agreement at the contracting officer's level." FAR Section 33.204.

On January 11, 2005, I requested a written explanation why FLRA management removed from the file room of all documents related to this claim, and written explanation citing the authority for ordering me to suspend all action on this claim. To date, I have not received written explanation, and there is nothing stated or apparent in the record to explain why you continue this pattern of frustrating inaction regarding the contractor's rights under the CDA, especially the regulatory policy favoring alternative dispute resolution.

On July 26, 2004, subsequent to my official complaint about similar management actions involving another CDA claim, Inspector General Francine Eichler summarized her investigation by finding that FLRA management had "interfered with the contractor's procedural rights to a claim by intervening and suspending the alternative disputes resolution process." According to the IG, "[FLRA] management action did obstruct and breach the contractor's right to settle the claim through ADR." (Emphasis supplied).

In light of the Inspector General's former findings, and now management's extraordinary and unexplained intervention of "re-assigning" the claim to some unnamed contracting officer in West Virginia, I believe you have obstructed official proceedings, impeded the performance of my duties as Contracting Officer, breached the legal rights of the claimant, and frustrated the essential purpose of the CDA.

PENGAD 800-631-6989 EXHIBIT Thomas 17 5/24/06 su

P-0177

# Tab 57

UNITED STATES OF AMERICA
FEDERAL LABOR RELATIONS AUTHORITY
WASHINGTON, D.C. 20424

January 14, 2005

DKO Technologies
601 Madison Street, Suite 200
Alexandria, VA 22314

Dear Mr. Ourecky:

This letter concerns the Contract Dispute Act claims you have filed in connection with FLRA Contracts 8095-03-001 and 8095-02-035. Your claims were received in this office on December 17, 2004. This is to inform you that the claims have been reassigned to a contracting officer with the U.S. Department of Treasury, Bureau of Public Debt. In a few days, I will provide you with the new contracting officer's name and contact information. I will also provide the BPD contracting officer with your contact information. If you have any questions, you may reach me on 202-218-7764.

Sincerely,

Yvonne M. Thomas
Director, Administrative Services Division

cc: D. Smith
G. Crawford

# Tab 58

January 17, 2005

Mrs. Yvonne Thomas
Federal Labor Relations Authority
Suite 200
1400 K Street, NW
Washington, DC 20005

Dear Mrs. Thomas:

Your letter dated January 14, 2005, concerning the status of this firm's claim under the Contract Disputes Act is the most peculiar missive ever received by me from a Federal agency. Equally unintentional humor and unavoidable hubris, your proposed action is wholly at war with applicable rules, regulations, and statutes.

An anonymous contracting officer in West Virginia – named by you after our claim has languished more than one month – will not decide this dispute. You have no authority whatsoever to impose your command decision over the independent judgement of the cognizant contracting officer, and impede his prosecution of the claim. If you disagree, provide me the written statutory citation forthwith.

DKO Technologies officially rejects the "settlement authority" of any officer other than the signatory contracting officer, Gary W. Crawford. Any "final decision" from the Bureau of Public Debt, Parkersburg, West Virginia, regarding this claim would be a legal nullity, absent Mr. Crawford's voluntary recusal and proper replacement.

Meanwhile, with regard to its claim, DKO expects alternative dispute resolution settlement, or an independent final decision of the contracting officer not later than February 14, 2005, as required by the Contract Disputes Act. These claims shall otherwise be deemed denied.

Dr. Donald K. Ourecky, Vice President, CEO
DKO Technologies

PENGAD 800-631-6989 EXHIBIT Thomas 18 5/24/06 SK

P-0065

# Tab 60

January 23, 2005

Mr. Gary W. Crawford
Contracting Officer
Federal Labor Relations Authority
1400 K Street, N.W.
Washington, DC 20005

Dear Mr. Crawford:

I register exception to your supervisor's action of January 14, 2005, purporting to "reassign" to the Bureau of Public Debt our claims submitted to you for settlement under the Contract Disputes Act of 1978, (41 U.S.C. 601-613).

Absent your recusal or incapacity, DKO Technologies does not certify its claims for adjudication by any other official, especially one from a different agency who is imposed by the command decision of your immediate supervisor.

DKO expects you to personally, independently, and timely settle both claims either through alternative dispute resolution or by rendering a final decision not later than February 14, 2005.

Sincerely,

Donald K. Ourecky, Ph.D.
Vice President, CEO
DKO Technologies

# Tab 62

UNITED STATES OF AMERICA
**FEDERAL LABOR RELATIONS AUTHORITY**
WASHINGTON, D.C. 20424

January 31, 2004

DKO Technologies
601 Madison Street, Suite 200
Alexandria, VA 22314

Dear Mr. Ourecky:

This letter concerns the Contract Dispute Act claims you have filed in connection with FLRA Contracts 8095-03-001 and 8095-02-035. By letters dated January 14 and 21, 2004, I advised you that your claims have been reassigned to a contracting officer with the U.S. Department of Treasury, Bureau of Public Debt, Ms. Linda Pryor. I also provided you with Ms. Pryor's contact information. For your convenience, that information is repeated immediately below:

Bureau of Public Debt
Attn: Ms. Linda Pryor
200 Third St., UNB 4th Floor
Parkersburg, WV 26101

Telephone: 304-480-7110
Fax: 304-480-7203

It has come to my attention that on January 24 and 28, 2005, DKO Technologies directed communications relating to the claims to Mr. Gary Crawford of my office. This is to advise you that those communications have been forwarded to the contracting officer, Ms. Pryor. You are further advised that all future communications relating to DKO Technologies's claims should likewise be directed to the contracting officer, Ms. Pryor. Mr. Crawford does not have any current involvement with those claims.

Sincerely,

Yvonne M. Thomas
Director, Administrative Services Division

cc:

D. Smith
L. Pryor

PENGAD 800-631-6989 EXHIBIT Thomas 21

P-0067

# Tab 63

**Crawford, Gary**

**From:** DKOTECH@comcast.net
**Sent:** Monday, January 31, 2005 11:58 AM
**To:** Thomas, Yvonne
**Cc:** Eichler, Francine
**Subject:** Re: Contract Dispute Act claims

January 31, 2005

Mrs. Thomas:

DKO Technologies does not certify its claim for settlement by the Bureau of Public Debt.

Furthermore, this claimant named <u>you</u> as a breaching party in this action before the bona fide contracting officer. It is unethical for your designate the deciding forum, and may be illegal for you to collect, control, cull, and carry our dispute documents to that self-imposed forum.

Rather than facilitate settlement by alternative dispute resolution as required, your acts have exacerbated the original offense, and breached our rights further.

This highly irregular interference with the disputes process and obstruction of our rights under CDA shall be reported to the FLRA Inspector General for appropriate disposition.

Donald K. Ourecky, Ph.D.
DKO Technologies

-------------- Original message --------------

\>
\>> Mr. Ourecky,
\>>
\>> In the attached letter you will find information concerning communications
\>> with the Contracting Officer handling your claims..
\>>
\>> <>
\>>
\>> Yvonne Thomas
\>> Director, Administrative Services Division

EXHIBIT
PENGAD 800-631-6989
Thomas 22

P-0068

# Tab 65

**DKO TECHNOLOGIES**
**Alexandria, VA 22037**

Statement of Account

February 1, 2005

Addressee:

Delivered by Hand to Federal Labor Relations Authority,
FLRA Mail Distribution Center,
Room 200, 1400 K Street, NW, Washington, DC.

Pursuant to the final decision of the contracting officer, dated January 13, 2005, in the Matter of DKO Technologies, the Claimant, and Federal Labor Relations Authority, the Agency.

01. FLRA No. Contract 8095-02-035

General & Administrative.......14% x $78,200 = $10,948
Fee.......12% x $78,200 = $9,384
Overhead.......9% x $78,200 = $7,038

Subtotal....... $27,370

02. FLRA CONTRACT NO. 8095-03-001

General & Administrative .......14% x $143,312 = $20,063
Fee .......12% x $143,312 = $17,197
Overhead ....... 9% x $143,312 = $12,898

Subtotal....... $50,158

03. FLRA CONTRACT NO. 8095-03-001 MODIFICATION NO. 2 ORACLE 9i TASKS.

General & Administrative .......14% x $12,000 = $1,680
Fee .......12% x $12,000 = $1,440
Overhead ....... 9% x $12,000 = $1,080

Subtotal....... $4,200

TOTAL .........plus, interest from December 13, 2004....... $81,728

MAIL DISTRIBUTION CENTER
FLRA

THIS COPY MUST BE TIME STAMPED BY ADDRESSEE AND RETAINED BY THE SENDER

2005 FEB -1 AM 11:16

EXHIBIT
PENGAD 800-631-6989
Thomas 23
5/24/06 SC

P-0015

Tab 67

**From:** Linda.Pryor@bpd.treas.gov

**To:** DKOTECH@comcast.net

**Subject:** FLRA Claim Decisions

**Date:** Fri, 18 Feb 2005 22:58:43 +0000

Mr. Ourecky,

The attached documents address your claims, dated Dec 20. 2004, on the referenced FLRA contracts.

Linda J. Pryor
Contracting Officer
Dept. of the Treasury - Bureau of the Public Debt
Division of Procurement
Ph# (304) 480-7110

**Attachment 1:** 809503001.PDF (application/octet-stream)

**Attachment 2:** 809502035.PDF (application/octet-stream)

[ Back ]

© 2005 Comcast Cable Communications. Inc. All rights reserved.

P-0069

DEPARTMENT OF THE TREASURY
BUREAU OF THE PUBLIC DEBT
PARKERSBURG, WV 26106-1328

February 18, 2005

Mr. Donald K. Ourecky
DKO Technologies
601 Madison Street
Suite 200
Alexandria, VA 22314

SUBJECT: DKO Claim, December 20, 2004, Federal Labor Relations Authority (FLRA)
Contract #8095-03-001

Dear Mr. Ourecky:

The contracting officer has reviewed subject claim. Subject claim alleges that work was wrongfully suspended under subject contract for the period of May 1, 2004 through Sep 30, 2004 and requests reimbursement in the amount of $57,408.00 for the labor hours that would have been expended during this period.

The contracting officer attempted to contact your firm during the course of this review at the telephone number sited in the contract record, (703) 684-4656, but was unable to make contact as a message was received stating the line was disconnected. The contracting officer attempted to obtain a new telephone number through directory assistance and an Internet search with no success. The contracting officer was attempting to obtain additional detail and documentation from DKO supporting their claim that the subject contract was wrongfully suspended for the first option year.

Should your firm choose to contact the contracting officer sited below on or before March 11, 2005 with additional documentation to substantiate subject claim, the contracting officer will evaluate and consider such information in rendering a decision.

However, based on the information currently available in subject claim, the contracting officer has made the following determination.

1. The FLRA issued modification 002 to subject contract, extending services through April 30, 2004 in lieu of Sep 30, 2004, which was the final date for Option Term I listed in the basic contract. While modification 002 was issued unilaterally by FLRA, DKO demonstrated constructive acceptance of the revised option term by continued performance through April 30, 2004.

P-0070

2. Subject contract is a labor-hour contract (FAR 16.602), and as such, is reimbursable on the basis of direct labor hours performed. DKO performed no direct labor hours for the time period for which they are claiming reimbursement (May 1, 2004 through Sep 30, 2004.) Additionally, there is no minimum number of labor hours guaranteed under subject contract for the period of May 1, 2004 through Sep 30, 2004 in the event the option period was exercised through Sep 30, 2004.
3. Based on paragraphs 1 and 2 above, it is the contracting officer's decision to deny subject claim in full.

Notwithstanding the receipt of additional documentation from DKO by March 11, 2005 as sited above, this is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, with 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

You may contact the undersigned at phone number (304) 480-7110.

Sincerely,

Linda J. Pryor
Contracting Officer

DEPARTMENT OF THE TREASURY
BUREAU OF THE PUBLIC DEBT
PARKERSBURG, WV 26106-1328

February 18, 2005

Mr. Donald K. Ourecky
DKO Technologies
601 Madison Street
Suite 200
Alexandria, VA 22314

SUBJECT: DKO Claim, December 20, 2004, Federal Labor Relations Authority (FLRA)
Contract #8095-02-035

Dear Mr. Ourecky:

The contracting officer has reviewed subject claim. Subject claim alleges that work was wrongfully suspended under subject contract for the period of Feb 1, 2004 through Sep 30, 2004, and requests reimbursement in the amount of $28,704.00 for the labor hours that would have been expended during this period.

The contracting officer attempted to contact your firm during the course of this review at the telephone number sited in the contract record, (703) 684-4656, but was unable to make contact as a message was received stating the line was disconnected. The contracting officer attempted to obtain a new telephone number through directory assistance and an Internet search with no success. The contracting officer was attempting to obtain additional detail and documentation from DKO supporting their claim that the subject contract was wrongfully suspended for the period sited above.

Should your firm choose to contact the contracting officer sited below on or before March 11, 2005 with additional documentation to substantiate subject claim, the contracting officer will evaluate and consider such information in rendering a decision.

However, based on the information currently available in subject claim, the contracting officer has made the following determination.

1. Subject claim sites FLRA contract 8095-02-035, which is not a correct contract number. There is a contract with DKO numbered 8095-03-035. However, supporting documentation attached to the claim sites contract 8095-03-001 as being the contract at issue.
2. The contracting officer cannot presume or make a guess at the contact being addressed by a contractor's claim.

P-0072

Based on the inconsistencies and errors in material elements of subject claim document, it is the contracting officer's decision to deny subject claim in full.

Notwithstanding the receipt of additional documentation from DKO by March 11, 2005 as sited above, this is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, with 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

You may contact the undersigned at phone number (304) 480-7110.

Sincerely,

Linda J. Pryor
Contracting Officer

P-0073

CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2006, a copy of the forgoing "JOINT APPENDIX" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris