IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-575 C
(Judge Wheeler)

PHILLIP J. LAVEZZO
d/b/a/ DKO TECHNOLOGIES,
Plaintiff,

v.

UNITED STATES,
Defendant.

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND DEFENDANT'S SUPPLEMENTAL APPENDIX

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

FRANKLIN E. WHITE JR.
Deputy Director

DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

August 21, 2006

Attorneys for Defendant

# TABLE OF CONTENTS


Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX TO APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. The Court Should Dismiss The Complaint For Lack Of Jurisdiction Because Mr. Lavezzo Is Not In Privity Of Contract With The United States . . . . . . 2

II. Assuming The Court Possesses Jurisdiction, The Court Should Deny Mr. Lavezzo's Motion For Summary Judgment And Grant The United States' Motion For Summary Judgment Because The Crawford Decision Is Not Binding Upon The United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. Mr. Ourecky's Claim Was Reassigned Before The Crawford Decision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B. The Crawford Decision Was Ultra Vires . . . . . . . . . . . . . . . . . . . . . 10

III. The Pryor Final Decision Was Validly Issued . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

I. Cases — Page


Appeal of Schlesinger, ASBCA No. 10099,
66-1 BCA ¶ 5465 (March 21, 1966) . . . . . . . . . . 9

Del-Rio Drilling Programs, Inc. v. United States,
146 F.3d 1358 (Fed. Cir. 1998) . . . . . . . . . . 10

Foreman v. United States,
26 Cl. Ct. 553 (1992) . . . . . . . . . . 3

Larson v. Domestic & Foreign Commerce Corp.,
337 U.S. 682 (1949) . . . . . . . . . . 10

Miller v. United States,
67 Fed. Cl. 195 (2005) . . . . . . . . . . 3

New York Shipbuilding Corp. v. United States,
180 Ct. Cl. 446, 457 (1967) . . . . . . . . . . 8, 9

Scope Enterprises, Ltd. v. United States,
18 Cl. Ct. 875, 879 (1989) . . . . . . . . . . 5, 6

Shanklin Constr. Co., ASBCA No. 37102,
89-3 BCA ¶ 22,060 (May 23, 1989) . . . . . . . . . . 12

United States v. United States Fidelity & Guar. Co.,
309 U.S. 506 (1940) . . . . . . . . . . 3


II. Statutes And Regulations


41 U.S.C. § 605 . . . . . . . . . . 7, 13

FAR § 1.601(b) . . . . . . . . . . 9

III. Miscellaneous

John Cibinic, Jr. and Ralph C. Nash, Jr., Administration of Government Contracts, 3rd Ed. 1299 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

# INDEX TO SUPPLEMENTAL APPENDIX


Exhibit 1 Transcript of deposition of Gary W. Crawford, May 15, 2006, selected pages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Exhibit 2 Transcript of deposition of Phillip J. Lavezzo, May 17, 2006, selected pages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PHILLIP J. LAVEZZO<br>d/b/a DKO TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-575C<br>(Judge Wheeler) |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rule 7.2(e) of the Rules of the United States Court of Federal Claims ("RCFC"), and this Court's order dated June 13, 2006, defendant, the United States, respectfully submits this opposition to plaintiff's cross-motion for summary judgment, and reply in support of our motion to dismiss, or, in the alternative, for summary judgment. In our moving brief, we demonstrated that this Court is without jurisdiction to entertain Mr. Lavezzo's claim as he is not in privity of contract with the United States. The United States attempted to contract with Mr. Ourecky, an agent of Mr. Lavezzo; however, Mr. Lavezzo's identity was not disclosed to the United States, and the United States is not bound by a contract

with the agent of an undisclosed principal. In addition, we demonstrated that, even if privity of contract were to exist, the purported Contracting Officer's Final Decision ("COFD") issued by Gary Crawford was ultra vires and could not bind the United States, and, moreover, responsibility for the contract claims submitted by Mr. Ourecky had been transferred to the Bureau of the Public Debt ("BPD") before Mr. Crawford issued his purported COFD. Finally, we noted that, even if Mr. Crawford's purported COFD had been lawfully issued, it was constructively rescinded when the BPD issued its COFD upon the claims with no knowledge of Mr. Crawford's prior illegitimate attempt to resolve the claims.

## DEFENDANT'S BRIEF

### I. The Court Should Dismiss The Complaint For Lack Of Jurisdiction Because Mr. Lavezzo Is Not In Privity Of Contract With The United States

As demonstrated in our moving brief, this Court must dismiss Mr. Lavezzo's complaint as he is not in privity of contract with the United States. In opposition, Mr. Lavezzo argues that privity of contract exists because the United States allegedly took a different position earlier in this litigation, and did not object to his motion to substitute himself as the real party in interest. Mr. Lavezzo also argues that he was not an undisclosed principal, as DKO

Technologies was named as a party to the contract. These contentions are incorrect in fact as well as at law.

Simply put, the parties cannot invoke this Court's jurisdiction by agreement. See, e.g., Foreman v. United States, 26 Cl. Ct. 553, 555 n.5 (1992) (citing United States v. United States Fidelity & Guar. Co., 309 U.S. 506, 513 (1940)). Morever, jurisdiction may be raised at any time, including upon appeal. See, e.g., Miller v. United States, 67 Fed. Cl. 195, 198 (2005). Thus, any previous position allegedly held by the Government is irrelevant.[1] Moreover, the Court's determination that Mr. Lavezzo was the real party is interest simply means that Mr. Lavezzo, as sole proprietor of DKO Technologies, is the proper plaintiff in the action. It does not constitute a finding that Mr. Lavezzo is in privity of contract with the United States. This action was initially filed by Mr. Ourecky, who falsely alleged that he was the owner of DKO Technologies. When it was disclosed that Mr. Ourecky was not the owner of DKO Technologies, Mr. Lavezzo filed a motion requesting that he "be substituted for Donald K. Ourecky . . . as the plaintiff in this case and that the caption of this case be amended accordingly." Pl.

[1] The United States indicated that DKO Technologies might be a corporation based upon multiple statements in Mr. Ourecky's bid referring to "DKO Inc." See, e.g., DA 8. We did not state that DKO was a corporation, but rather argued that we needed discovery upon the issue. See Defendant's Rule 56(f) motion at 6.

Motion to Substitute Real Party in Interest at 1. This Court granted Mr. Lavezzo's motion and directed the clerk to "substitute 'Phillip J. Lavezzo, d/b/a DKO Technologies' as the Plaintiff in this case, and the caption shall be so amended in all pleadings henceforth filed." Order dated February 14, 2006. There is simply no "law of the case" holding that Mr. Lavezzo is in privity of contract with the United States.

Mr. Lavezzo's remaining argument is that he was not an undisclosed principal because the contract identified DKO Technologies, and he is the sole proprietor of DKO. Mr. Lavezzo either fails to realize that DKO Technologies lacks the capacity to contract, or seeks to obfuscate the issue. As a sole proprietorship, DKO Technologies is not a legal or natural person, and accordingly it cannot be a party to a contract. Rather, DKO Technologies is a trade name being used by a person, the sole proprietor, for business purposes.

Although Mr. Lavezzo argues that it was the Government's responsibility to determine the true ownership of DKO Technologies, and Mr. Ourecky's agency, this is essentially blaming the Government for being deceived by Mr. Lavezzo. Mr. Lavezzo named his company DKO Technologies to benefit from Mr. Ourecky's name recognition at the Federal Labor Relations Authority ("FLRA"), and all communications with the FLRA were made through

Mr. Ourecky. DPFUF 2, DSA 5[2]. In fact, Mr. Lavezzo actively concealed his identity by drafting communications with the FLRA but submitting them under Mr. Ourecky's name. JS ¶16. Moreover, Mr. Crawford, the contracting officer was mislead by the name "DKO Technologies" into assuming that Mr. Ourecky was the owner or co-owner of DKO Technologies. DSA 2-3.

Mr. Crawford, the FLRA contracting officer, was not aware of Mr. Lavezzo's ownership of DKO during performance of the contract. JS ¶ 35. In fact, Mr. Lavezzo maintained the deception that Mr. Ourecky was the sole proprietor of DKO Technologies through the performance of both contracts, the submission of the contract claims, and by filing suit in this Court in Mr. Ourecky's name. The complaint filed in this action falsely identified Mr. Ourecky as sole proprietor of DKO Technologies. It was not until the status conference held by this Court on December 21, 2005, that Mr. Lavezzo's existence was disclosed to the Government.

Mr. Lavezzo was an undisclosed principal. The Government is not bound by privity of contract to an undisclosed principal, especially in an instance, as here, where the principal consciously concealed his identity. Scope Enterprises,

[2] "DSA ___" refers to that page of Defendant's Supplemental Appendix filed with this brief.

Ltd. v. United States, 18 Cl. Ct. 875, 879 (1989). Although Mr. Lavezzo attempts to distinguish Scope based upon the unusual facts of the case, Scope clearly demonstrates that an undisclosed principal lacks a direct contractual relationship with the United States and is not in privity of contract with the United States. Id.

As DKO Technologies is not a natural or a legal person, and has no ability to contract, it is clear that Mr. Lavezzo was not a party to the contracts at issue. Mr. Ourecky submitted bids for the help desk and Oracle contracts. DSA 5, JS ¶¶ 19, 26. Mr. Ourecky signed the contracts, and all modifications. JS ¶¶23, 30. Mr. Ourecky submitted claims pursuant to the Contract Disputes Act, and Mr. Ourecky filed suit in this Court. DPFUF ¶ 15, Pl. Complaint. At no time prior to the December 21, 2005 status conference did Mr. Ourecky disclose that was acting upon behalf of Mr. Lavezzo. Thus, Mr. Lavezzo is not in privity of contract with the United States.

II. Assuming The Court Possesses Jurisdiction, The Court Should Deny Mr. Lavezzo's Motion For Summary Judgment And Grant The United States' Motion For Summary Judgment Because The Crawford Decision Is Not Binding Upon The United States

As we demonstrated in our moving brief, the Crawford decision is not binding upon the United States. Accordingly, Mr. Lavezzo's motion for summary judgement must fail, as the Crawford decision was invalid, the claim was

reassigned before Mr. Crawford issued his purported COFD, and even if the Crawford decision were validly issued, it was constructively rescinded by the BPD decision. [3]

A. Mr. Ourecky's Claim Was Reassigned Before The Crawford Decision

In our moving brief, we demonstrated that the purported COFD issued by Gary Crawford could not be binding, as the claim was reassigned to another contracting officer before he issued his final decision. In opposition, Mr. Lavezzo argues that the claim was not reassigned until either January 18, 2005, or January 26, 2005, and that these dates are after the Crawford decision was issued. However, Mr. Lavezzo's arguments must fail as they misinterpret the applicable regulations.

Mr. Lavezzo cites to 41 U.S.C. § 605 for the proposition that only a contracting officer may decide a contractor's claim. From this code section, Mr. Lavezzo bootstraps an argument that a reassignment could only be effective as

---

[3] In a footnote, Mr. Lavezzo also suggests that summary judgment for the United States would be inappropriate due to a misstatement by an FLRA employee in her affidavit in support of our Rule 56(f) motion. Pl. Brief at 5 n.2. According to Mr. Lavezzo, summary judgement would be improper as the Court would need to make credibility determinations. This is incorrect. There are no material facts in dispute, and accordingly there is no need for credibility determinations. We agree with Mr. Lavezzo's statement that "Defendant is entitled to summary judgment notwithstanding their testimony." Id.

of January 18, 2005, when Mr. Ourecky's claims were assigned to Linda Pryor of the BPD. Mr. Lavezzo cites no authority for the proposition that Mr. Ourecky's CDA claims remained with Mr. Crawford after the FLRA and BPD agreed to transfer responsibility for the claims to the BPD. On January 13, 2005, Ms. Thomas -- Mr. Crawford's supervisor -- agreed with Ms. Woodyard of the BPD to reassign Mr. Ourecky's claims to the BPD. DA 23. Even assuming that Ms. Woodyard, the BPD official, was not herself a contracting officer, there is no reason to assume that the claims could not be held in "limbo" by the BPD until transferred to a particular contracting officer to decide the claim. The statute simply requires that a contracting officer decide the claim. There is no requirement that the claim be assigned to a specific contracting officer for each and every minute from the time the claim is submitted until a final decision is issued. As we noted in our moving brief, it well settled that an agency may reassign the adjudication of a claim to another contracting officer, absent specific contractual language to the contrary. See New York Shipbuilding Corp. v. United States, 180 Ct. Cl. 446, 457 (1967); John Cibinic, Jr. and Ralph C. Nash, Jr., Administration of Government Contracts, 3rd Ed. 1299 (1995). [4]

---

[4] As Mr. Lavezzo notes in his brief, in New York Shipbuilding transfer of the claim to a different contracting officer was not permitted. Pl. Brief at 17. However, Mr. Lavezzo fails to note that the parties to the contract at issue in New

Mr. Lavezzo also argues that, pursuant to FAR § 1.601(b), mutual agreement of the relevant agency heads was required to reassign Mr. Ourecky's claims to the BPD. According to Mr. Lavezzo, this did not occur until some follow-on paperwork was executed on January 26, 2005. As with Mr. Lavezzo's January 18 argument, this argument also requires the leap-of-logic that Mr. Ourecky's claims remained with Mr. Crawford, despite the FLRA's January 13, 2005, written agreement with the BPD to reassign the claims. As demonstrated in our moving brief, this agreement with the BPD was executed before Mr. Crawford issued his purported final decision. As noted by Mr. Lavezzo, this follow-on paperwork was completed on January 26, 2005. This date was prior to the issuance of the Pryor COFD, so to the extent that this paperwork was required for a valid COFD, the requirement was satisfied.

Mr. Lavezzo's argument also overstates the requirements of FAR § 1.601(b). The cited FAR section simply indicates that "Agency heads may mutually agree to [a]ssign contracting functions and responsibilities from one

---

York Shipbuilding expressly named a specific official to determine any disputes. 180 Ct. Cl. at 557. The Court considered this contractual requirement to be a "striking departure" from the normal contract provisions which allow the Government alone to select the contracting officer. Id. The FLRA contracts at issue in this case do not contain any restrictions upon the agency's choice of a contracting officer. DA 1-20; JA Tab 28. See also Appeal of Schlesinger, ASBCA No. 10099, 66-1 BCA ¶ 5465 (March 21, 1966).

agency to another . . . ." The relevant agency heads had already agreed to reassign contracting functions from the FLRA to the BPD, as the FLRA and the BPD had a pre-existing relationship at the time that Mr. Ourecky's claims were reassigned. Pl. App. Tab 2 at transcript p. 54. Thus, when Mr. Ourecky submitted his CDA claims, the FLRA and BPD heads had already agreed to reassign contracting functions from the FLRA to the BPD.

B. The Crawford Decision Was Ultra Vires

In our moving brief we demonstrated that the contracting officer, Gary Crawford, knowingly issued the purported COFD in direct violation of written instructions by his superiors at the FLRA. In fact, Mr. Crawford was informed, in writing, at least three times that he should take no action with regard to the claims submitted by Mr. Ourecky, without first consulting with FLRA management. DPFUF ¶ 13, JA Tabs 44, 47. In response, Mr. Lavezzo argues that Mr. Crawford's actions were not ultra vires, relying upon cases such as Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949) and Del-Rio Drilling Programs, Inc. v. United States, 146 F.3d 1358 (Fed. Cir. 1998) for the proposition that the only limitations upon a contracting officer are those stated upon their warrants, and those limitations contained in applicable law and regulation. Pl. Brief at 14-15. However, the cases upon which Mr. Lavezzo relies pertain to an

entirely different issue – whether a cause of action was properly against the United States, and thus whether the action should be in this Court, or the appropriate district court. In this case, there is no dispute that, assuming privity of contract exists, the action is properly one before this Court.

As we demonstrated in our moving brief, many agencies require that contracting officers submit proposed final decisions to their superiors for review. John Cibinic, Jr. and Ralph C. Nash, Jr., Administration of Government Contracts, 3rd Ed. 1303 (1995). There do not appear to be any cases on point, addressing the issue of whether a contracting officer final decision, issued in direct violation of agency rules, in violation of applicable law, and to the benefit of a longtime friend of the contracting officer, must be enforced. As a question of first impression, the answer should be that such a purported final decision is not binding.

III. The Pryor Final Decision Was Validly Issued

In our moving brief we demonstrated that even if the Crawford decision was validly issued, it was constructively rescinded by the valid final decision issued by Ms. Pryor of the BPD. In response, Mr. Lavezzo argues that the FLRA could not rescind the Crawford decision, or alternatively, that the Pryor decision was invalid because it was not issued within sixty days of the date when Mr. Ourecky submitted his claims. Neither of Mr. Lavezzo's arguments are of any merit.

First, Mr. Lavezzo argues that the FLRA could not rescind the Crawford decision. Mr. Lavezzo argues that Shanklin Constr. Co., ASBCA No. 37102, 89-3 BCA ¶ 22,060 (May 23, 1989) in which an erroneous final decision was rescinded by the agency, should be read as being limited to situations where the initial contracting officer rescinds his or her own final decision. Although that was the factual situation in Shanklin there is no reason why rescission should be limited to a specific contracting officer, especially in a case such as this, where responsibility for the claim was transferred to the BPD before Mr. Crawford issued his purported COFD. Moreover, the FLRA management, and thus the BPD, were unaware of the existence of the Crawford decision until Mr. Ourecky filed suit in this Court. DPFUF ¶ 33.

Mr. Lavezzo argues that rescission of the Crawford decision would be "tantamount to providing the government with the right to appeal a contracting officer's decision where Congress elected not to confer such a right." Pl. Brief at 19. However, there was never any attempt by the agency to "appeal" the Crawford decision for the simple reason that the agency was unaware of the Crawford decision. Given the specific facts of this case, with a final decision that was issued in direct contravention of written instructions, that was patently incorrect as a matter of law, and was concealed from the agency, was concealed

from the BPD, and which awarded funds to long-time friend of the contracting officer, the rescission of the Crawford decision is appropriate.

Mr. Lavezzo also argues that the Pryor decision was invalid as it was not issued within sixty days of the date when Mr. Ourecky submitted his claims. This is simply wrong as a matter of law. If a contracting officer fails to issue a final decision within sixty days, the contractor may consider it as a deemed denial, which permits the contractor to immediately file suit in the Court of Federal Claims or the appropriate board of contract appeals. 41 U.S.C. § 605(c)(5). Where the plaintiff does not elect to bring a lawsuit based upon a "deemed denial," the agency is not divested of authority to issue a contracting officer's final decision after the expiration of the sixty day period. Here, as Mr. Lavezzo's lawsuit was filed after the Pryor decision, there is no basis upon which to assert that she lacked authority to issue the decision. Accordingly, the Pryor decision was properly and validly issued and constituted a constructive rescission of the then unknown Crawford decision.

## CONCLUSION

For the forgoing reasons, and for the reasons stated in our moving brief, the Court should dismiss the complaint for lack of subject matter jurisdiction. In the alternative, the Court should enter summary judgment in favor of the United

States, deny plaintiff's cross-motion for summary judgment, and dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

August 21, 2006

Attorneys for Defendant

# INDEX TO SUPPLEMENTAL APPENDIX

Exhibit 1 Transcript of deposition of Gary W. Crawford, May 15, 2006, selected pages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Exhibit 2 Transcript of deposition of Phillip J. Lavezzo, May 17, 2006, selected pages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

\- - - - - - - - - - - - - - - - - - - -x

DONALD K. OURECKY, sole proprietor, :

D.B.A. DKO TECHNOLOGIES, : No. 05-575C

Plaintiff, :

vs. :

UNITED STATES OF AMERICA, :

Defendant. :

\- - - - - - - - - - - - - - - - - - - -x

Washington, D.C.

Monday, May 15, 2006

Deposition of GARY W. CRAWFORD, a witness herein, called for examination by counsel for Defendant in the above-entitled matter, pursuant to notice, the witness being duly sworn by KAREN YOUNG, a Notary Public in and for the District of Columbia, taken at the offices of the U.S. Department of Justice, Civil Division, Commercial Litigation Branch, 1100 L Street, Northwest, Washington, D.C., at 10:08 a.m. on Monday, May 15, 2006, and the proceedings being taken down by Stenotype by KAREN YOUNG, and transcribed under her direction.

CERTIFIED COPY

A. And I think I said I wasn't sure, I don't recall whether I determined that it was a partnership or an LLC or something else.
Q. Okay.
A. What I testified to I think was that I determined that it wasn't a corporation.
Q. Okay. Well, the record will reflect what your testimony was. If I mischaracterized it, I apologize, but the signature block here states Dr. Donald K. Ourecky, in block 19A of the first page of the award document, page 1298?
A. Yes.
Q. But up above in block 7, it says the contractor is DKO Technologies, so did you make any determination that Dr. Ourecky was the proprietor of DKO Technologies?
A. The determination I made was that Dr. Ourecky was authorized to sign the contracts, and I simply asked him that.
Q. So the sole evidence that you relied on then was Dr. Ourecky's statement that he was authorized.
A. His apparent authority.
Q. Okay.
A. And I obviously was influenced by the fact

that the company, the entity is called DKO.

Q. Uh-huh.

A. Donald K. Ourecky. There are many, many other documents that follow, amendments --

Q. Uh-huh.

A. -- modifications, correspondence where I think he signs his name DKO vice president, CEO.

Q. Okay. Who was your point of contact at DKO?

A. I had only few telephone conversations in the course of the contract, except toward the end --

Q. Uh-huh.

A. -- there were more. I always spoke with Ourecky, or Ourecky.

Q. And how often did you -- you said it was random?

A. Well, at the beginning of the contract, I don't even recall how many times I would have called him about some small detail. During the -- during the course of the contract, however long the contract went, I had very little contact with them.

Q. Uh-huh.

A. The contracting officer's technical representative -- there were two different people -- would have had more frequent contact.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - - - x

PHILLIP J. LAVEZZO :
d/b/a DKO TECHNOLOGIES, :
Plaintiff, : No. 05-575C
vs. : (Judge Wheeler)
THE UNITED STATES, :
Defendant. : PAGES 1 - 63

- - - - - - - - - - - - - - - - x

May 17, 2006
Washington, D.C.

Deposition of PHILLIP J. LAVEZZO, held at the United States Department of Justice, 1100 L Street, Northwest, Washington, D.C., commencing at 10:13 a.m., Wednesday, May 17, 2006, before Elizabeth Mingione, Notary Public.

CERTIFIED COPY

A. I'm sorry. Repeat the question.
Q. During the performance of the two contracts, how often did you communicate with Gary Crawford?
A. I did not.
Q. You didn't. Okay. Do you know how often Mr. Ourecky communicated with Gary Crawford?
A. Numerous times, I think. I don't remember. I don't recall.
Q. So he was the point of contact for --
A. Exactly.
Q. Okay. Did you sign any of the contracts or mods to the contracts with the FLRA personally?
A. No.
Q. Okay. To the best of your knowledge, did Mr. Ourecky sign all of the mods and all of the contracts?
A. The best of my knowledge, yes.
Q. Okay.
A. He was the contact.
Q. Okay. If we could look at Exhibit 1. And I don't believe you have ever seen these documents before, so you might want to read through it real quick.
A. Okay.

CERTIFICATE OF FILING

I hereby certify that on August 21, 2006, a copy of the forgoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris